**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

BOBBI ALEXANDRIA CONSTANTINE,

                             Plaintiff,       No. 1:15-CV-1204
      - v -                         (MAD/CFH)

UHAUL INTERNATIONAL INC.; EDWARD JOE
SHOEN; and UNNAMED EMPLOYEE,

                           Defendants.

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER

The Clerk has sent to the Court a pro se complaint filed by Bobbi Alexandria

Constantine pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101

et seq and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et

seq. Compl. (Dkt. No. 1). Constantine has also filed a motion to proceed in Forma

Pauperis ("IFP"). IFP App. (Dkt. No. 2). Upon review of Constantine's IFP application,

the undersigned concludes that she may properly proceed with this matter IFP.[1]

Section 1915(e) of Title 28 of the United States Code directs that, when a

plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court

determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a

claim on which relief may be granted; or (iii) seeks monetary relief against a defendant

who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's

---

[1] Constantine should take note that although her IFP application has been granted, she will still
be required to pay fees that she may incur in this action, including copying and/or witness fees.

responsibility to determine that a plaintiff may properly maintain her complaint before permitting her to proceed with her action.

Constantine alleges that defendants violated the ADA and Title VII of the Civil Rights Act when they failed to hire her because of her disability. Compl. at 3. Specifically, Constantine contends that, in June 2015, she applied, and was offered an interview for, a position at U-Haul. Compl. at 2. However, after Constantine told someone at U-Haul that she was deaf and would need to bring an interpreter with her to the interview, her interview offer was withdrawn. Id. Plaintiff demands $500,000 for "emotional and punitive and actual damages." Id. at 4.

"Title VII requires a claimant who desires to bring a suit in federal court to file a charge of discrimination with the EEOC within one hundred eighty (180) days 'after the alleged unlawful employment practice occurred,' or within three hundred 300 days of the alleged discrimination if the claimant 'has initially instituted proceedings with a State of local agency[2] with authority to grant or seek relief . . . or to institute criminal proceedings.'" McNight v. Dormitory Auth. of State of N.Y., 995 F. Supp. 70, 76 (N.D.N.Y. 1998) (quoting 42 U.S.C. § 2000e-5(e)). Thus, "only after charges are brought before the EEOC and a right-to-sue letter is obtained may an aggrieved party bring an action for relief in federal court." Mazzeo-Unum v. Dep't of Transp., No. 12-CV-1856, 2013 WL 2636159 (N.D.N.Y. June 12, 2013)[3] (citing 42 U.S.C. § 2000e-5(e));

---

[2] Local agency such as the New York State Division of Human Rights. See generally Burns v. County of Schenectady, 07-CV-776 (GLS/RFT), 2009 WL 2568546, at *5 (N.D.N.Y. Aug. 18, 2009).

[3] Unpublished decisions, such as this case, are attached to this Report-Recommendation and Order.

Dollinger v. State Ins. Fund, 44 F. Supp. 2d 467, 474 (N.D.N.Y. 1999) (citing Niroomand

v. Erie Cty. Med. Ctr., 94-CV-21E(H), 1996 WL 328183, at *7 n.20 (W.D.N.Y. June 4,

1996) (additional citations omitted); see also Pietras v. Board of Fire Comm'rs, 180

F.3d 468, 474 (2d Cir. 1999). A right to sue letter is also a statutory prerequisite to suit

under the ADA. See Duttweiller v. Upstate Bldg. Maint. Companies, Inc., 05-CV-886,

2006 WL 3371754, at *1 (N.D.N.Y. Nov. 20, 2006) (citing 42 U.S.C. § 12101 et seq.);

see also Mount Sinai Medical Ctr., 882 F. Supp. 353, 355 (S.D.N.Y. 1995) (dismissing

ADA complaint for lack of subject matter jurisdiction where the plaintiff did not

demonstrate the filing of an EEOC claim and right to sue letter before commencing

suit); see also Redlich v. Albany Law Sch. of Union Univ., 899 F. Supp. 100, 104

(N.D.N.Y. Oct. 3, 1995) (citing Bent v. Mount Sinai Med. Ctr., 882 F. Supp. 353, 355

(S.D.N.Y. 1995) (internal quotation marks and additional citations omitted) ("Thus,

absent [the] plaintiff's filing of a complaint with the EEOC and [her] receipt of a right to

sue letter, the Court lacks subject matter jurisdiction to entertain [the] plaintiff's ADA

claim.").

Constantine fails to allege or demonstrate that she has filed a claim with the

Equal Employment Opportunity Commission ("EEOC") or with any state or local agency,

as described in 42 U.S.C. § 2000e-5(e), before commencing this action, and has failed

to provide a "right to sue letter" from the EEOC relating to the alleged discrimination

described in her complaint.[4]  Thus, plaintiff has failed to establish the threshold

_____

[4] Title VII provides that "a civil action may be brought against the respondent named in the charge
. . . by the person claiming to be aggrieved" within ninety days of receipt of what is known as a "right-to-
sue" letter from the EEOC."  42 U.S.C. § 2000e-5(f)(1).

requirements for her Title VII and ADA claims.

As Constantine contends that the allegedly discriminatory action occurred in July 2015, if she has not filed a state or local agency claim, she has 180 days from the allegedly discriminatory July 2015 conduct to file an EEOC claim. If Constantine has already filed a claim with a state or local agency, she has 300 days from the date of the alleged discrimination to file her EEOC claim. Accordingly, it is recommended that, given plaintiff's pro se status, her complaint be dismissed, without prejudice and with leave to amend, so that plaintiff may (1) refile this action with a right to sue letter from the EEOC, if such letter already exists, or (2) take advantage of the opportunity to timely file an EEOC claim, obtain such right to sue letter, and then recommence this action.

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's IFP application be **GRANTED**; and it is

**RECOMMENDED** that plaintiff's complaint be **DISMISSED, without prejudice, and with leave to amend**; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Report-Recommendation and Order on plaintiff in accordance with the local rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892

F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

**IT IS SO ORDERED.**

Dated: October 9, 2015
     Albany, New York

Christian F. Hummel
U.S. Magistrate Judge