**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**BOBBI ALEXANDRIA CONSTANTINE,**

               **Plaintiff,**

vs.                                        **1:15-cv-01204
(MAD/CFH)**

**U-HAUL INTERNATIONAL, INC.; EDWARD
JOE SHOEN; and UNNAMED EMPLOYEE,**
                         **Defendants.**

_____

**APPEARANCES:**                     **OF COUNSEL:**

**BOBBI ALEXANDRIA CONSTANTINE**
135 Shaker Road
Albany, New York
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

      *Pro se* Plaintiff Bobbi Alexandria Constantine commenced this action on October 7, 2015 pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Dkt. No. 1. Generally, Plaintiff alleges that Defendants violated her ADA and Title VII rights when they failed to hire her because she is deaf. *See id.* at 2-3. Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP"). Dkt. No. 2. Plaintiff's complaint and her IFP application were submitted to Magistrate Judge Hummel for review.

      In an October 9, 2015 Report-Recommendation and Order, Magistrate Judge Hummel granted Plaintiff's IFP application. Dkt. No. 4 at 1. Magistrate Judge Hummel then reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and determined that Plaintiff's complaint, as pled, failed to state a claim on which relief may be granted. *Id.* at 3-4. Specifically,

Magistrate Judge Hummel found that Plaintiff failed to satisfy the prerequisite to bringing an ADA or Title VII suit that she first submit a claim to the Equal Employment Opportunity Commission ("EEOC") and receive a right-to-sue letter relating to the alleged discrimination described in the complaint. *See id.* at 3.

Plaintiff filed an objection to the October 9, 2015 Report-Recommendation and Order on October 28, 2015. *See* Dkt. No. 5. In her objection, Plaintiff submitted an EEOC charge of discrimination dated September 22, 2015, *id.* at 4-7, a New York State Department of Labor complaint dated October 7, 2015, *id.* at 9-10, and a New York State Division of Human Rights charge of discrimination dated October 17, 2015, *id.* at 12. Each of these applications relate to the same allegedly discriminatory conduct contained in Plaintiff's complaint. Plaintiff's objection did not contain a right-to-sue letter from the EEOC. Currently before the Court is Magistrate Judge Hummel's October 9, 2015 Report-Recommendation and Order.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [that she] presented to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report-recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas*

2

*v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)).  A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority.  *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Title VII and the ADA require a claimant to file a charge of discrimination with the EEOC "within one hundred eighty (180) days 'after the alleged unlawful employment practice occurred,' or within three hundred (300) days of the alleged discrimination if the claimant 'has initially instituted proceedings with a state local agency[,]'" and receive a "right-to-sue" letter from the EEOC prior to commencing a suit in federal court.  *McNight v. Dormitory Auth. of N.Y.*, 995 F. Supp. 70, 76 (N.D.N.Y. 1998) (quoting 42 U.S.C. § 2000e-5(e)); *see also Duttweiller v. Upstate Bldg. Maint. Cos., Inc.*, No. 5:05-CV-886, 2006 WL 3371754, *1 (N.D.N.Y. Nov. 20, 2006) (holding that a right to sue letter is a statutory prerequisite to suit under Title VII and the ADA).  Thus, "only after charges are brought before the EEOC and a right-to-sue letter is obtained may an aggrieved party bring an action for relief in federal court."  *Mazzeo-Unum v. Dep't of Transp.*, No. 1:12-CV-1856, 2013 WL 2636159, *2 (N.D.N.Y. June 12, 2013) (citing 42 U.S.C. § 2000e-5(e)).

Having reviewed Magistrate Judge Hummel's October 9, 2015 Report-Recommendation and Order, Plaintiff's submissions, and the applicable law, the Court finds that Magistrate Judge Hummel correctly recommended that the Court dismiss Plaintiff's complaint without prejudice. *See* Dkt. No. 4 at 4. While Plaintiff's objection contained copies of her charge of discrimination submitted to the EEOC on September 22, 2015, she did not submit the required right-to-sue letter. *See* Dkt. No. 5. Thus, Plaintiff has failed to satisfy the prerequisite to bringing an ADA or Title VII suit that she receive a right-to-sue letter from the EEOC relating to the alleged discrimination in her complaint.

After carefully reviewing the entire record in this matter, Plaintiff's submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Hummel's October 9, 2015 Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED without prejudice**;[1] and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 16, 2015
Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[1] Plaintiff may recommence this action if and when she receives a right-to-sue letter from the EEOC.